UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2016 MAR 10 A 9: 14

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No. 1:15-cr-12-01-SM |
| ) | |
| PANOS ELIOPOULOS ) | |

## SUPERSEDING INFORMATION

The United States Attorney charges:

At all times relevant to this information:

Under the Federal Food, Drug, and Cosmetic Act ("FDCA") a drug includes articles (other than food) that were intended to affect the structure or any function of the human body and articles intended for use as a component of any drug. 21 U.S.C. § 321(g)(1)(C) and (D).

The FDCA defined the term "label" as "a display of written, printed, or graphic matter upon the immediate container of any article." 21 U.S.C. § 321(k). The FDCA defined the term "labeling" as "all labels and other printed or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." 21 U.S.C. § 321(m).

Under the FDCA, a drug was deemed misbranded if, among other things:

  (a) the drug was in package form and did not bear a label containing the name and place of business of the manufacturer, packer, or distributor. 21 U.S.C. § 352(b)(1).

  (b) the labeling on the drug did not bear adequate directions for use. 21 U.S.C. § 352(f)(1).

Unless subject to an exemption not applicable here, a drug must bear adequate directions for use under which a layperson can use the drug safely for the purposes for which it is intended. *See* 21 C.F.R. § 201.5.

(c) the labeling on the drug did not bear such adequate warnings against use in those pathological conditions and by children where its use may be dangerous to health, and against unsafe dosage and methods and duration of administration and application, in such manner and form, as were necessary for the protection of users. 21 U.S.C. § 352(f)(2).

PB-22 was temporarily placed into Schedule I on February 10, 2014. Prior to February 10, 2014, PB-22 was an analogue of JWH-018, a Schedule I controlled substance. PB-22 was a synthetic cannabinoid that mimicked the effect of tetrahydrocannibol (THC), the active ingredient in marijuana.

At all times relevant to this Superseding Information, the defendant, PANOS ELIOPOULOS, held a position of responsibility in "Phat Stuff", a retail business located at 84 Main Street, Keene, New Hampshire.

## COUNT ONE

[21 U.S.C. § 331(a) and § 333(a)(1) – Causing Misbranded Drugs to be Introduced into Interstate Commerce]

Beginning on an unknown date through on or about August 9, 2013, in the District of New Hampshire, the defendant,

## PANOS ELIOPOULOS

did introduce and deliver for introduction into interstate commerce and cause to be introduced and delivered for introduction into interstate commerce through retail sale at "Phat Stuff", a drug, within the meaning of 21 U.S.C. § 321(g)(1), namely, PB-22, packaged and sold under the brand names of "Griffon," which was misbranded in the following ways:

(a) within the meaning of 21 U.S.C. § 352(b)(1) in that its label, in package form, failed to include the name and address of the manufacturer, packer, or distributor;

(b) within the meaning of 21 U.S.C. § 352(f)(1), in that its labeling did not bear adequate directions for use; and

(c) within the meaning of 21 U.S.C. § 352(f)(2), in that its labeling did not bear such adequate warnings against use in those pathological conditions and by children, where its use may be dangerous to health, and against unsafe dosages and methods and duration of administration and application, in such manner or form, as are necessary for the protection of user.

All in violation of 21 U.S.C. § 331(a), § 333(a)(1) and § 352.

Dated: March 10, 2016

EMILY GRAY RICE

United States Attorney
District of New Hampshire

By: /s/ Jennifer C. Davis
Jennifer Cole Davis
Assistant U.S. Attorney
NH Bar Association # 10222
53 Pleasant St., 4th Floor
Concord, NH 03301
jennifer.c.davis@usdoj.gov
(603) 225-1552