AO 245B     (Rev. 02/16) Judgment in a Criminal Case
NHDC 2/16   Sheet 1

# UNITED STATES DISTRICT COURT

District of New Hampshire

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Panos Eliopoulos | ) | Case Number: 15-cr-12-01-AJ |
| | ) | USM Number: 13854-049 |
| | ) | Charles Keefe, Esq. |
| | ) | Defendant's Attorney |

**U.S. DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**JUN 3 0 2016**

**FILED**

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 12 U.S.C. 331(a) | Causing Misbranded Drugs to be Introduced into Interstate Commerce | 8/9/2013 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

☐ Count(s) _____

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/29/2016
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Andrea K. Johnstone   U.S. Magistrate Judge
Name and Title of Judge

6/30/2016
Date

DEFENDANT: Panos Eliopoulos
CASE NUMBER: 15-cr-12-01-AJ

# PROBATION

The defendant is hereby sentenced to probation for a term of :

1 year

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Panos Eliopoulos
CASE NUMBER: 15-cr-12-01-AJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine    | Restitution |
|---------|------------|---------|-------------|
| TOTALS  | $ 25.00    | $ 0.00  | $ 0.00      |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
| TOTALS        | $ 0.00      | $ 0.00              |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

Case 1:15-cr-00012-AJ Document 41 Filed 06/30/16 Page 3 of 7

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Panos Eliopoulos
CASE NUMBER: 15-cr-12-01-AJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 25.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, N.H. 03301. Personal checks are not accepted.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See the Final Order of Forfeiture dated April 7, 2016 attached to this Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Six Hundred Ninety Five Dollars ($695.00)<br>in U.S. Currency, more or less, seized from<br>Phat Stuff, Keene, New Hampshire; et al,<br><br>  Defendants *in rem*. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 14-294-PB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FINAL ORDER OF FORFEITURE OF $566.00 FROM DEFENDANT IN REM (1), AND DEFENDANTS IN REM (2), (3) AND (5) THROUGH (29)

1. On July 3, 2014, the United States commenced an action by filing a Verified Complaint for Forfeiture in Rem, seeking the forfeiture of the defendants *in rem*, based upon alleged violations of 21 U.S.C. § 881(a)(6) and (10).

2. The United States and Panagiotes and Katie Eliopoulos have reached an agreement which provides for the forfeiture of $566.00 from defendant *in rem* (1) $695.00 in U.S. Currency; and the forfeiture of defendants in rem (2), (3), and (5) through (29).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. That all right, title and interest to $566.00 from defendant *in rem* (1) $695.00 in U.S. Currency; (2) Funds in the amount of $3,737.23, seized from TD Bank Business Core Checking Account No. 9240737655, in the name of Phat Stuff; (3) Funds in the amount of $906.78, seized from TD Bank Business Convenience Checking Account No. 9244068759, in the name of Phat Stuff; (5) One 2011 Ford F 250, NH Registration #2977098, Vin #1FT7W2B68BEA60933, registered to Panagiotes and Katie Eliopoulos; (6) One lot of forty two boxes of assorted glass bongs, seized from Phat Stuff, Keene, New Hampshire; (7) One lot of

twelve boxes of assorted glass water pipes, seized from Phat Stuff, Keene, New Hampshire; (8) One lot of twenty one boxes of assorted glass carburetor pipes, seized from Phat Stuff, Keene, New Hampshire; (9) One box of assorted carburetor pipes, seized from Phat Stuff, Keene, New Hampshire; (10) One lot of four boxes of assorted glass pipes, seized from Phat Stuff, Keene, New Hampshire; (11) One box of assorted grinders, with screens, seized from Phat Stuff, Keene, New Hampshire; (12) One lot of two boxes of assorted rolling papers, seized from Phat Stuff, Keene, New Hampshire; (13) One lot of four boxes of assorted grinders, seized from Phat Stuff, Keene, New Hampshire; (14) One lot of four boxes of assorted glassware, seized from Phat Stuff, Keene, New Hampshire; (15) One lot of fifteen boxes of assorted hookah pipes, seized from Phat Stuff, Keene, New Hampshire; (16) One lot of two boxes of assorted vaporizers, seized from Phat Stuff, Keene, New Hampshire; (17) One box of assorted diversion safes, seized from Phat Stuff, Keene, New Hampshire; (18) One box of assorted pipes and digital scales, seized from Phat Stuff, Keene, New Hampshire; (19) One box of assorted glass pipes and metal chamber pipes, seized from Phat Stuff, Keene, New Hampshire; (20) One box of assorted diversion hides and stone pipes seized from Phat Stuff, Keene, New Hampshire; (21) One box of assorted glass mouth pieces, seized from Phat Stuff, Keene, New Hampshire; (22) One box of assorted glass mouth pieces, glassware, and electronic cigarettes, seized from Phat Stuff, Keene, New Hampshire; (23) One box of assorted ceramic bongs, seized from Phat Stuff, Keene, New Hampshire; (24) One box of assorted glass chillums, seized from Phat Stuff, Keene, New Hampshire; (25) One box of assorted chillums, seized from Phat Stuff, Keene, New Hampshire; (26) One box of assorted carburetor pipes and a carburetor mask, seized from Phat Stuff, Keene, New Hampshire; (27) One lot of two boxes of assorted ceramic pipes, seized from Phat Stuff, Keene, New Hampshire; (28) One box of containers of 420 cleaner, seized from Phat Stuff,

Keene, New Hampshire; and (29) One box of assorted carburetor masks, seized from Phat Stuff, Keene, New Hampshire, is hereby condemned, forfeited and vested in the United States of America pursuant to 21 U.S.C. § 881(a)(6) and (10), free from the claims of any other party.

  B. That the forfeited funds and assets shall be disposed of by the United States Marshals Service (USMS) in accordance with the applicable law and regulations. These funds shall be deposited into the Department of Justice Asset Forfeiture Fund in accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code, Section 881(e).

  The Clerk is hereby directed to send 28 certified copies of this Order to the United States Marshal's Service and one certified copy to United States Attorney's Office, Attention: Assistant U.S. Attorney Robert J. Rabuck.

Dated:  April 7, 2016       /s/ Paul Barbadoro
                  Paul Barbadoro
                  United States District Judge